**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

----------------------------------------

**No. 04-12975**
**Non-Argument Calendar**

----------------------------------------

D.C. Docket No. 03-00103-CR-7-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2005
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD C. ACKLIN,
a. k. a. John Doe I,
a. k. a. Tarr O. Sutton,
a. k. a. Tarr Sutton,
a. k. a. Antonio S. Robinson,
a. k. a. James D. Mosley,
a. k. a. Robert F. King, Jr.,
a. k. a. Andreous Dozier,
a. k. a. Charlie Davis, III,
a. k. a. Charlie J. Davis,
a. k. a. Michun B. Anderson,
a. k. a. Michun Anderson,

Defendant-Appellant.

----------------------------------------------------------------

**Appeal from the United States District Court**
**for the Northern District of Georgia**

----------------------------------------------------------------

**(November 22, 2005)**

Before EDMONDSON, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Ronald C. Acklin appeals his 18-month sentence, pursuant to his guilty plea, for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371, 1344.[1] No reversible error has been shown; we affirm.

Acklin specifically argues (1) that the district court erred in calculating loss under U.S.S.G. § 2B1.1, (2) that the district court improperly shifted to him the burden of disproving conduct supporting the denial of a reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, (3) that the district court violated his due process and confrontation rights by relying on evidence presented at a prior sentencing hearing at which he was not present, and (4) that he should be resentenced in the light of Blakely v. Washington, 124 S.Ct. 2531 (2004). Our review of the district court docket shows that Acklin now has served his full term of imprisonment. So, these issues--challenges to the calculation and imposition of his sentence--have become moot. See Spencer v. Kemna, 118 S.Ct. 978, 983 (1998) (stating that, once a defendant's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole–some

_____

[1] Acklin was recruited by codefendant Dennis Wilson to cash checks in a "hub and spoke" counterfeit check ring. Wilson, one of the "hubs", would supply counterfeit checks to a group of check cashers, or "spokes." Acklin, a "spoke", would use false identification to cash fake checks; and he received a portion of the proceeds as payment.

'collateral consequence' of the conviction–must exist if the suit is to be maintained"); <u>De La Teja v. United States</u>, 321 F.3d 1357, 1362-63 (11th Cir. 2003) (refusing, in habeas case, to address issue that had become moot by event occurring after filing of suit).

We are aware that Acklin also was sentenced to a three-year term of supervised release. But Acklin violated some of the conditions of his supervised release with conduct unrelated to the underlying offense of conviction.[2] On 29 August 2005, the district court revoked Acklin's supervised release, committed him to Bureau of Prisons custody for seven months, and specified that no supervised release was to remain at the end of Acklin's custody with the BOP. Thus, nothing remains of Acklin's initial term of supervised release or of his underlying sentence.

We are mindful that Acklin is to make $153,182.37 in restitution to the victims of the check fraud scheme. And the record does not indicate that Acklin has discharged his restitution obligations. But Acklin in his appellate brief does not direct substantive argument to the restitution order: he, in passing, only mentions this order twice in passing as a fact of the case. Thus, he has abandoned

---

[2] In April 2005, Acklin began violating the conditions of his supervised release (1) by testing positive for the use of illegal drugs and (2) by failing to report for urine screens and to attend drug treatment sessions.

a challenge to the restitution order.  See United States v. Mejia, 82 F.3d 1032, 1036 n.4 (11th Cir. 1996) (deeming abandoned an argument not raised in appellant's briefs).[3]

In sum, we no longer can give meaningful relief to Acklin on the issues he has raised on appeal: these issues now are moot.  And he has abandoned a challenge to the restitution order.

**AFFIRMED.**

---

[3] In any event, the restitution amount differs from the district court's loss calculation of $158,910.73.